# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> ZENDESK, INC., <br><br> Defendant. | § <br> § <br> § Civil Action No. 2:17-cv-00176 <br> § <br> § <br> § <br> § PATENT CASE <br> § <br> § <br> § <br> § JURY TRIAL DEMANDED <br> § |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Zendesk, Inc. ("Zendesk"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of replicating data from a source file to a target file in a computer system:  including by providing upgrades from a server to a remote user's computer.

1

4.     Upon information and belief, Zendesk is a Delaware corporation having a principal place of business in San Francisco, California and offering products and/or services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.  Zendesk may be served with process through its registered agent: RL&F Service Corp., 920 N. King, Floor 2, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

5.     Uniloc USA and Uniloc Luxembourg (collectively, "Uniloc") bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Zendesk is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in Texas and this judicial district.

7.     Zendesk is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business in Texas, including by attending conferences and SXSW and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas, including, upon information and belief, the Texas Digital Library, the Texas Education Agency, and the Texas Health and Human Services System.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,110,228)

8.     Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,110,228 ("the '228 Patent"), entitled METHOD AND APPARATUS FOR SOFTWARE MAINTENANCE AT REMOTE NODES that issued on August 29, 2000. A true and correct copy of the '228 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '228 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Zendesk provides software that allows for customer service requests. For example, the following image is a screen shot from a user interface for a Zendesk computer program installed on a user's computer remote from Zendesk:



12. The following image shows that Zendesk provides "Update" functionality for computer programs downloaded to a user's computer:

3



13. The following image shows that Zendesk provides "Update" functionality for computer programs downloaded to a user's computer:

```
To update a private app

1. On the My Apps page, find the app you want to update.
2. Hover your cursor over the app to display the cog icon (⚙).
3. Click the cog icon to open the App Settings menu.
4. Click Update to open the screen where you can upload an updated zip file.
```

14. The following image shows that Zendesk allows users to download Upgrades using the "Upgrade" button:



15. Zendesk has directly infringed, and continues to directly infringe one or more claims of the '228 Patent in the United States during the pendency of the '228 Patent, including at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Zendesk customer service products during the pendency of the '228 Patent which software and associated backend server architecture *inter alia* allow for receiving users' requests for service (for example, upgrades), determining the service requested (for example, provide an upgrade), and providing the upgrade to the user in response to the request received by Zendesk from the remote user location ("Zendesk Support Service").

16. In addition, should the Zendesk Support Service be found to not literally infringe the asserted claims of the '228 Patent, the Zendesk Support Service would nevertheless infringe the asserted claims of the '228 Patent. More specifically, the Zendesk Support Service performs substantially the same function (providing a service to a remote user location), in substantially the same way (via a request for service from the user's remote device), to yield substantially the

same result (allowing a user to receive a service, such as an upgrade to an installed Zendesk application). Zendesk would thus be liable for direct infringement under the doctrine of equivalents.

17. Zendesk has indirectly infringed and continues to indirectly infringe at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Zendesk Support Service. Zendesk's customers who use the Zendesk Support Service in accordance with Zendesk's instructions directly infringe one or more of the foregoing claims of the '228 Patent in violation of 35 U.S.C. § 271. Zendesk directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.zendesk.com
- https://support.zendesk.com
- https://play.google.com/store/apps/details?id=com.zendesk
- https://itunes.apple.com/us/app/zendesk
- www.youtube.com, including:
  www.youtube.com/watch?v=GSiQpIe5q-4
  www.youtube.com/watch?v=9q5bn9VzHi0

Zendesk is thereby liable for infringement of the '228 Patent under 35 U.S.C. § 271(b).

18. Zendesk has indirectly infringed and continues to indirectly infringe at least claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by

others including, without limitation customers using the Zendesk Support Service, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '228 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. For example, the Zendesk Support Service software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Zendesk Support Service software is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Zendesk is, therefore, liable for infringement under 35 U.S.C. § 271(c).

20. Zendesk will have been on notice of the '228 Patent since, at the latest, the service of this complaint upon Zendesk. By the time of trial, Zendesk will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 6-7, 10, 18, 25-26, 29, 67-68, and 70-71 of the '228 Patent.

21. Zendesk may have infringed the '228 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Zendesk Support Service. Uniloc reserves the right to discover and pursue all such additional infringing software.

22. Uniloc has been damaged, reparably and irreparably, by Zendesk's infringement of the '228 Patent and such damage will continue unless and until Zendesk is enjoined.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Zendesk as follows:

(A)     declaring that Zendesk has infringed the '228 Patent;

(B)     awarding Uniloc its damages suffered as a result of Zendesk's infringement of the '228 Patent;

(C)     enjoining Zendesk, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '228 Patent;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: March 6, 2017                        Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
PRINCE LOBEL TYE LLP

One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: pjhayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com


Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**